UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| TERRILL HARRIS, | ) |
|           Petitioner, | ) |
| v. | ) Case No. 13-CV-2141 |
| UNITED STATES OF AMERICA, | ) |
|           Respondent. | ) |

## OPINION

On June 21, 2013, Petitioner, Terrill Harris, filed a pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1). On July 22, 2013, the Government filed its Response to Petitioner's Motion (#3). On July 29, 2013, Petitioner filed a pro se Motion to Amend § 2255 Petition (#4), and sought to add additional claims. On October 1, 2013, Petitioner filed a Motion to Expand Record (#5).

This court has carefully and thoroughly reviewed the arguments of the parties and the documents provided. This court has also reviewed the record in Petitioner's criminal case. Following this careful consideration, this court rules as follows: (1) Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) is DENIED; (2) Petitioner's pro se Motion to Amend § 2255 Petition (#4) is DENIED as untimely; and (3) Petitioner's Motion to Expand Record (#5) is MOOT.

## FACTS

On February 24, 2009, Illinois State Trooper Chris Owen stopped Petitioner for speeding in the Central District of Illinois. During the stop and subsequent search of Petitioner's car, Owen found a sophisticated hidden compartment in the dashboard that contained a loaded .357 revolver. Petitioner, who was the only person in the car,

admitted the gun was his. Owen arrested Petitioner and impounded his car. Two days later, Owen found a second sophisticated hidden compartment behind the rear seat that contained approximately 10 kilograms of cocaine. On February 27, 2009, law enforcement officers arrested Petitioner (who had been released on bond) for possession of the cocaine. After initially providing false information, Petitioner admitted to Akil Smith, a task force officer with the Drug Enforcement Administration, that he obtained the cocaine by "ripping off" a Mexican drug trafficker in Phoenix, Arizona, on February 18, 2009. Petitioner said he pulled the gun and demanded the drugs, and when the Mexican male hesitated, Petitioner hit him in the head with the gun and stole the drugs. Petitioner further admitted that he had previously stolen 50 pounds of marijuana and that he had been stealing drugs and money from drug dealers for six years. Petitioner said that he had the hidden compartments installed in his car three years earlier for the purpose of transporting guns and drugs.

In Case No. 09-CR-20027, Petitioner was charged by indictment with possession of five kilograms or more of cocaine with the intent to distribute it (Count 1) and carrying a firearm during a drug trafficking crime (Count 2). John C. Taylor of the Federal Public Defender's office was appointed to represent him.

On September 30, 2009, Petitioner, through his counsel, filed a Motion to Suppress Evidence. Petitioner argued that all incriminating evidence should be suppressed because: (1) the initial traffic stop was invalid and in violation of the Fourth Amendment; (2) Petitioner did not consent to a search of his car so the subsequent search was a violation of the Fourth Amendment; and (3) the "air sniff" of the car by the K-9 dog did

not result in a positive "hit" so the subsequent search of the car was in violation of the Fourth Amendment. Petitioner was later allowed to add an allegation that the searches of the two hidden compartments in the car were without probable cause.

An evidentiary hearing was held on December 21, 2009. A transcript of the hearing was filed, and the parties filed written argument with the court. In Petitioner's Brief, he conceded that the initial stop was valid and that voluntary consent to search the vehicle was given by Petitioner. Petitioner also conceded that he was properly advised of his rights under *Miranda*. Petitioner continued to challenge the search of the hidden compartments in his vehicle. On April 30, 2010, this court entered an Opinion and, following careful consideration of the evidence and arguments presented, denied the Motion to Suppress Evidence. This court found that the search of the first hidden compartment was based upon probable cause and that the search of the second hidden compartment in the vehicle was based upon probable cause and proper.

A jury trial began on August 16, 2010. On August 17, 2010, the jury returned a verdict finding Petitioner guilty of both charges against him. A sentencing hearing was held on February 28, 2011. This court concluded that the Government had not proven by a preponderance of the evidence that Petitioner brandished the firearm. Therefore, this court found that Petitioner faced a mandatory minimum consecutive sentence of five years to life imprisonment of Count 2, instead of seven years to life imprisonment. This court then sentenced Petitioner to a term of 181 months in the Federal Bureau of Prisons, consisting of 121 months on Count 1 (one month above the mandatory minimum of 120

months) and the mandatory minimum 60-month consecutive sentence on Count 2. Petitioner filed a Notice of Appeal.

On appeal, Petitioner's appellate counsel moved to withdraw because the appeal was frivolous. Petitioner filed a response, claiming that (1) the initial search of his car was unconstitutional; and (2) that his trial counsel provided ineffective assistance by not allowing him to testify and presenting no evidence at trial. On March 21, 2012, the Seventh Circuit Court of Appeals entered an Order granting Petitioner's counsel's motion to withdraw and dismissing the appeal. The Seventh Circuit considered the evidence presented and concluded that it would have been "frivolous for [Petitioner] to mount a constitutional challenge to the initial search." The Seventh Circuit also stated that Petitioner failed "to explain how he was he was prevented from testifying or what evidence was available to offer at trial." The Seventh Circuit's mandate was issued on April 12, 2012. Petitioner did not filed a petition for a writ of certiorari with the United States Supreme Court.

ANALYSIS

On June 21, 2013, Petitioner filed his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (#1). In his Motion, Petitioner raised three claims: (1) he received ineffective assistance of counsel during the suppression hearing because his counsel failed to properly present an argument that he was illegally seized during the traffic stop in violation of his Fourth Amendment rights; (2) he received ineffective assistance of counsel when his counsel failed to object to the "literal" amendment to Count 2 of his indictment; and (3) the decision of the United States Supreme Court in

4

*Alleyne v. United States*, 133 S. Ct. 2151 (2013) applies retroactively and requires this court to vacate his conviction under 18 U.S.C. § 924(c).

On July 22, 2013, the Government filed its Response (#3). The Government argued that Petitioner's first two claims fail on the merits and his third claim fails because *Alleyne* is not retroactive on collateral review and, in any case, does not apply to Petitioner's case.

On July 29, 2013, Petitioner filed a Motion to Amend § 2255 Petition (#4). Petitioner asked this court to allow him to amend his Motion (#1) to add claims four and five. Petitioner argued in claim four that Count 2 of his indictment is fatally defective. In claim five, Petitioner argued that his counsel was ineffective for failing to argue that all of his statements must be suppressed. On October 1, 2013, Petitioner filed a Motion to Expand Record (#5). Petitioner first asked this court to order the Government to respond to the merits of his Amended § 2255 Motion. Petitioner also asked this court to order the Government to obtain a sworn affidavit from his trial counsel.

MOTION TO AMEND

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year period of limitations applies to motions filed under § 2255. 28 U.S.C. § 2255(f). The United States Supreme Court has stated that "Congress enacted AEDPA to advance the finality of criminal convictions." *Mayle v. Felix*, 545 U.S. 644, 662 (2005). "To that end, it adopted a tight time line, a one-year limitation period ordinarily running from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Mayle*, 545 U.S. at 662, *quoting* 28

U.S.C. § 2244(d)(1)(A). The Supreme Court therefore held that a timely filed habeas petition cannot be amended to add new, unrelated claims after the AEDPA's one-year limitation period has run. *Mayle*, 545 U.S. at 662-64; *see also Williams v. United States*, 2013 WL 5353002, at *4 (C.D. Ill. 2013) (applying *Mayle* to a request to supplement a Motion under § 2255); *Jackson v. United States*, 2007 WL 1062923, at *2-3 (C.D. Ill. 2007) *(*same); *United States v. Hull*, 2006 WL 752481, at *1 (N.D. Ind. 2006) (court refused to consider claims brought in supplemental motions under § 2255 which were barred by the one-year statute of limitations).

In this case, under Seventh Circuit precedent, Petitioner's conviction became final on July 11, 2012, 90 days after the mandate was issued on April 12, 2012. *See Latham v. United States*, 527 F.3d 651, 652 (7th Cir. 2008).[1] Petitioner's Motion under § 2255 was due by July 11, 2013, and was timely filed on June 21, 2013. However, no new claims could be raised after the statute of limitations ran on July 11, 2013. *See Mayle*, 545 U.S. at 662-64; *Jackson*, 2007 WL 1062923, at *2-3. Petitioner's Motion to Amend (#4), in which he sought to add two entirely new claims, was not filed until July 29, 2013. It was therefore filed after the one-year limitation period had run and is time-barred.[2]

---

[1] This court notes that the Government raised a timeliness objection in order to preserve it for review. The Government conceded that, under controlling Seventh Circuit precedent, Petitioner's conviction became final on July 11, 2012 (90 days after the mandate was issued on April 12, 2012) so Petitioner's Motion was timely filed within a year of that date, on June 21, 2013. *See Latham*, 527 F.3d at 652 (date of finality is computed by adding the 90 days within which a petitioner can typically petition for a writ of certiorari).

[2] This court additionally notes that, even if it were to consider Petitioner's additional claims on their merits, the claims would fail. First, there is absolutely no basis for a finding that the indictment was defective in any way. In addition, Owen's questions during the traffic stop did not require *Miranda* warnings and the evidence presented at the hearing on the Motion to Suppress established that Petitioner's incriminating statements were made after he was advised of his rights under *Miranda*.

6

Accordingly, Petitioner's Motion to Amend (#4) is DENIED. Petitioner's Motion to Expand Record (#5), in which Petitioner asked this court to order the Government to respond to his Amended § 2255 Motion, is therefore MOOT.[3]

MOTION UNDER § 2255

This court first notes that relief under 28 U.S.C. § 2255 is reserved for extraordinary situations. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996), *citing Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993). Accordingly, a petitioner may avail himself of relief under § 2255 only if he can "demonstrate that there are flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.3d 296, 298 (7th Cir. 1995). Based upon this standard, and the record in this case, this court agrees with the Government that Petitioner has not included any claims which would warrant an evidentiary hearing or relief under 28 U.S.C. § 2255.

INEFFECTIVE ASSISTANCE CLAIMS

Petitioner's first two claims are based upon his assertion that he was denied the effective assistance of counsel. "The Sixth Amendment to the Constitution accords criminal defendants the right to effective assistance of counsel." *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009). To succeed on a claim of ineffective assistance, a petitioner must prove: (1) his attorney's performance fell below an objective standard of

---

[3] This court notes that Petitioner also asked this court to order the Government to obtain a sworn affidavit from Petitioner's trial counsel. Even if this court was inclined to grant this extraordinary request, there is no basis for such an order in this case. Petitioner's Amended Motion (#4) is clearly time-barred and the claims raised in Petitioner's Motion (#1) are entirely without merit based upon the record.

reasonableness; and (2) he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 678-88, 693 (1984); *Wyatt*, 574 F.3d at 457-58. With respect to the performance prong of the two-part test, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Wyatt*, 574 F.3d at 458, *quoting Strickland*, 466 U.S. at 689. A petitioner "must establish the specific acts or omissions of counsel that he believes constituted ineffective assistance" and the court then determines "whether such acts or omissions fall outside the wide range of professionally competent assistance." *Wyatt*, 574 F.3d at 458. Regarding the prejudice prong of the two-part test, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Petitioner's first claim is that he was denied the effective assistance of counsel during the suppression hearing because his counsel failed to properly present an argument that he was illegally seized during the traffic stop in violation of his Fourth Amendment rights. Petitioner insists that Trooper Owen prolonged the traffic stop so that he was improperly "seized" and all evidence from the subsequent searches should have been suppressed. This court agrees with the Government that this argument has absolutely no merit. The evidence presented at the evidentiary hearing held on the Motion to Suppress Evidence showed that the traffic stop was entirely proper under the Fourth Amendment. In response to Petitioner's argument on appeal that the initial search of his car was unconstitutional because the traffic stop was unreasonably prolonged, the Seventh Circuit stated:

> But as the district court noted, video of the traffic stop shows that [Petitioner] gave confusing accounts of his travel plans when the trooper was writing him a warning ticket, creating a reasonable suspicion of further criminal activity and justifying the prolonged stop. *See United States v. Martin*, 422 F.3d 597, 602 (7th Cir. 2005); *United States v. Muriel*, 418 F.3d 720, 725-26 (7th Cir. 2005).

The Seventh Circuit went on to conclude that "it would be frivolous for [Petitioner] to mount a constitutional challenge to the initial search."

This court therefore agrees with the Government that, since Petitioner has no meritorious challenge to the stop and search of his vehicle, Petitioner has not shown that his counsel's performance was deficient under the *Strickland* standard and has also not shown that he was prejudiced by his trial counsel's handling of the suppression motion. Failure to raise a losing argument does not constitute ineffective assistance of counsel. *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996), *citing Strickland*, 466 U.S. at 687; *see also Fuller v. United States,* 398 F.3d 644, 652 (7th Cir. 2005).

Petitioner has also claimed that his counsel was ineffective because he failed to object to the "literal" amendment of Count 2 of his indictment in the written judgment of conviction. The court agrees with the Government that there is no merit to this argument.

Petitioner was charged in Count 2 with "knowingly carry[ing] a firearm, namely, a Rossie, .357 Magnum revolver, during and in relation to the crime of possession of five kilograms of cocaine with the intent to distribute it as charged in Count 1," in violation of 18 U.S.C. § 924(c). On August 17, 2010, the jury reached a verdict finding Petitioner

guilty of both Count 1 and Count 2 of the indictment. This court entered judgment of conviction on Counts 1 and 2 the same day. Following sentencing, this court entered its written judgment. The written judgment stated that Petitioner was convicted on Count 2 with a violation of 18 U.S.C. § 924(c)(1)(i), which resulted in a consecutive term of 60 months imprisonment. The written judgment labeled the offense "Possession of a Firearm in Furtherance of a Drug Trafficking Crime."

Petitioner has claimed that his trial counsel was ineffective for failing to object to the "amendment of his indictment." This court agrees with the Government that no amendment of Count 2 of the indictment occurred and there was no reason for trial counsel to object to the description of the offense in the written judgment. A defendant is guilty of violating § 924(c)(1)(A)(i) if he either carries a firearm during and in relation to a drug trafficking crime or possesses a firearm in furtherance of a drug trafficking crime. Regardless of how the offense is labeled, a defendant faces the identical penalty, namely, a term of imprisonment of not less than five years. 18 U.S.C. § 924(c)(1)(A)(i). Petitioner has not articulated one single outcome that is different because the offense was labeled "possession" in the written judgment instead of "carrying." This court concludes that there was no reason for Petitioner's counsel to object to the label in the written judgment, which changed nothing, and also concludes that Petitioner has not shown that he was prejudiced in any way.

## *ALLEYNE* CLAIM

Petitioner has also argued that the decision of the United States Supreme Court in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), applies retroactively and requires this

court to vacate his conviction under 18 U.S.C. § 924(c). In *Alleyne*, the Supreme Court held that a finding that the defendant had brandished, as opposed to merely carrying, a firearm, so that he was subject to a seven-year minimum sentence rather than a five-year minimum sentence, was an element of a separate, aggravated offense that had to be found by a jury. *Alleyne*, 133 S. Ct. at 2161-62.

This court agrees with the Government that *Alleyne* has not been applied retroactively on collateral review. *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013). In addition, this court further agrees that, even if it could be applied retroactively, no *Alleyne* violation occurred in this case. This court found that Petitioner had not "brandished" the firearm, so Petitioner was sentenced to a five-year consecutive term rather than a seven-year consecutive term. This court instructed the jury as to each of the elements of Count 2 and the jury found that each of these elements was proved beyond a reasonable doubt. Thus, *Alleyne* has no application to this case. *See Simpson*, 721 F.3d at 876-77.

CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, a certificate of appealability should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S.

473, 484 (2000). This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion states a valid claim of the denial of a constitutional right.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) is DENIED.

(2) Petitioner's pro se Motion to Amend § 2255 Petition (#4) is DENIED as untimely.

(3) Petitioner's pro se Motion to Expand Record (#5) is MOOT.

(4) Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.

(5) This case is terminated.

ENTERED this 7th day of May, 2014

s/MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE